## Thynn Tab Co., Inc., v. Schwartz

586

John S. Rhoda, for defendant.

Irwin Kins and Clarence C. Mendelsohn, for plaintiff.

MAYS, J., December 6, 1937.—On July 10, 1934, defendant agreed to buy from plaintiff one gross of certain tablets at a price of $96, upon condition that plaintiff conduct a one year's advertising campaign in the Reading Eagle and the Reading Times, more than two thousand lines to be used in the first three months of the campaign. The tablets were delivered, and the sum of $96 was not and has not been paid. A suit in assumpsit was instituted.

Defendant in his affidavit of defense has averred that plaintiff neglected and failed to perform its part of the contract relative to the conducting of a one year's advertising campaign in the Reading Eagle and the Reading Times. At the trial, the only evidence submitted by plaintiff was the contract and affidavits of certain officers of the Reading Eagle and the Reading Times, showing that advertisement did take place in those papers for a period of approximately three months and totaling slightly more than two thousand lines.

A verdict was directed in favor of plaintiff in the sum of $107.60.

Defendant in his brief points out "that it would be inequitable to allow plaintiff to recover the full contract price and deprive defendant of the benefits which would have accrued as a result of the advertising campaign agreed upon".

Plaintiff's brief concedes that under the terms of the contract, although there was advertising in excess of two thousand lines during the first three months, it did not fully perform the covenant insofar as it relates to one year's advertising.

In view of the above, the conclusion seems unavoidable that the verdict cannot be permitted to stand as the basis of a judgment in accordance with it. Defendant is entitled to relief. The question is, what relief?

The application for judgment n. o. v. contemplates the entry of "such judgment as should have been entered" at the trial. To enter judgment n. o. v. for defendant would not be to enter the judgment that should have been entered at the trial, but would deprive plaintiff of a right it had. The tablets were delivered. Some of them have been sold, and others remained with defendant without any offer to return those unsold or to pay for those sold. It follows that at all events plaintiff is entitled to recover something from defendant. This being so, the application for judgment n. o. v. cannot be granted.

No application for a new trial was made in this case. Yet we feel that this is one of those cases where justice will be done to all the parties by resorting to the expedient adopted by this court in a number of instances, by converting the rule for judgment into one for a new trial and disposing of that: Nies' Admr. v. Nies' Execs., 9 Berks 87; Horowitz v. Shober, 15 Berks 174.

We have already pointed out that counsel for defendant in his argument propounded as one of his propositions that the court ought to reduce the verdict. We consider that by so doing substantial justice can be done. It is manifest that under the evidence plaintiff is entitled to be paid. The only question is as to the amount thereof. The parties to this case have agreed that, in view of the fact that plaintiff admittedly did not fully perform its contract as above pointed out, it would be fair and equitable to reduce the amount of the verdict to $75.

And now, to wit, December 6, 1937, it is ordered that a rule for new trial be entered as of October 1, 1936, nunc pro tunc; and further, that said rule be made absolute at the expiration of 15 days from this date, unless plaintiff shall within that time, by a paper filed in this case, remit so much of the verdict heretofore rendered therein as exceeds the sum of $75. If plaintiff shall, in manner as aforesaid, file this remittitur, the rule is to be discharged and judgment entered in favor of the plaintiff for the said sum of $75.